Concurring opinion by
FRIEDMAN, J.
I concur in every respect with the majority opinion. Regarding Part II-B, Grid Resiliency Charge: Statutory Authority to Approve the GRC, I specifically agree: (1) that OPC did not make the argument at the Public Service Commission (“PSC”) that approval of the proposed Grid Resiliency Charge (“GRC”) would exceed the PSC’s statutory authority; (2) that this Court does not generally review issues which are not first raised before the administrative agency; and (3) that our precedents commend that we decline even to discuss the merits of an unpreserved claim. Majority op. at 204-06, 127 A.3d at 598-99. Adopting a different approach would inject an element of uncertainty into the thousands of contested administrative proceedings that take place annually before state and local agencies.
*224 Were we to consider the statutory authority argument on its merits, however, I would conclude that PU § 4-101(3) provides a sufficient statutory basis for the approval of the GRC.[1] I would find unpersuasive OPC’s and AARP’s contention that the “used and useful” language in PU § 4-101(3) is a straitjacket that prevents the PSC, in the exercise of its reasoned judgment, from adopting a “just and reasonable” rate that includes some measure of cost projection[2] and subsequent “true-ups.”[3] See Baltimore Gas & Elec. Co. v. McQuaid, 220 Md. 373, 152 A.2d 825 (1959) (rejecting rigid interpretation of “used and useful”).
I’m writing separately to assure PEPCO ratepayers that they are not paying an illegal surcharge merely because the OPC failed to raise the issue before the PSC.

. And, to be explicit, I do not find the need to resort to the PSC’s “implied and incidental powers” of PU § 2-112(b)(2) or to a more liberal construction of PU § 4-101(3), as is permitted by PU § 2-112(c), to reach this result.

. See Majority op. at 195-97, 127 A.3d at 593-94 (discussing projected costs).

. Id. at 193 n. 13, 127 A.3d at 592 n. 13 (defining the "true-up” process as a means of accounting for "any difference between projected expenditures and actual expenditures”).